UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HALE,                )
                             )
        Petitioner,           )
                             )
    v.                       )    CAUSE NO. 3:17-CV-170-JD-MGG
                             )
SUPERINTENDENT,              )
                             )
        Respondent.           )

OPINION AND ORDER

Michael Hale, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 17-01-56) where a Disciplinary Hearing Officer ("DHO") found him guilty of engaging in an unauthorized financial transaction in violation of B-220 on January 10, 2017. ECF 6-4. As a result, Hale was sanctioned with the loss of 90 days earned credit time. *Id.*

Hale argues that he is entitled to habeas corpus relief because the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

1

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Hale was found guilty of violating IDOC B-220. IDOC B-220 prohibits inmates from "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I, Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Hale as follows:

> On January 5, 2017 at approximately 7:30 am, I was monitoring offender phone calls and heard offender Hale, Michael DOC #884687 make a call to (574) 440-4882 on offender Russell, Billy's DOC #998136 account. At 2 minutes 14 seconds into the call he received five pay pal numbers. On offender Russell's account the number belongs to Ashley Ross. On offender Hale's account he has the number belonging to Dawn Julian. I called IDU to confirm offender Hale was the only one out at recreation at that time.

ECF 6-1.

The DHO had sufficient evidence to find Hale guilty. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer heard an offender make a call in which he received several 10-digit numbers. The reporting officer recognized Hale's voice on the phone, perhaps because Hale has a history of trying to obtain PayPal accounts at ISP. *See Hale v. Superintendent*, 3:16-cv-579 (N.D. Ind. filed on August 29, 2016). Upon further investigation, the reporting officer discovered that Hale was the only prisoner who was at recreation at the time the call was made. Thus, it appears that Hale was the only inmate who could have made the phone call at the time it was placed. The officer associated

the 10-digit numbers Hale received as PayPal account numbers. PayPal Cash Card account numbers are 10 digits in length. See https://www.paypal-cash.com/.

In addition to the Conduct Report, the audio recording of the phone call is evidence that Hale engaged in an unauthorized financial transaction. See ECF 7. The woman on the telephone stated she was giving Hale the "50 first," and then provided Hale with the first 10-digit number. Later in the call she states, "now the 25" and proceeds to provide him with additional 10-digit numbers. It would not have been unreasonable for the DHO to determine that these statements referred to the dollar amounts corresponding to each 10-digit PayPal account number.

Further, the DHO was presented with the suspicious circumstance that Hale made the call using a different offender's telephone account.[1] In fact, the reporting officer provided evidence in the Conduct Report that the phone number Hale called using Russell's account was on both Hale and Russell's phone list, but the number was identified as belonging to two different people. From this, it would not have been unreasonable for the DHO to have inferred that Hale did not want the call to be traceable back to him. The DHO could reasonably have considered this as additional evidence of intentional deception in support of a finding of guilt.

There remains a possibility that the 10-digit numbers could have served some benign alternative purpose.[2] However, the DHO was not required to rule out all possible alternatives in order to find Hale guilty. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472

---

[1] The Conduct Report noted that Hale used Billy Russell's account to make the phone call at issue here. Upon review of the audio recording of the call, it appears that the reporting officer was correct, as the prerecorded greeting identified the account as belonging to "Billy Russell." It is not clear if Russell was knowingly involved in the scheme.

[2] While 10-digit numbers are also commonly associated with phone numbers, it is fair to say that three of the five 10-digit numbers could not have been phone numbers. *See* https://www.allareacodes.com.

U.S. 445, 457 (1985). Hale did not provide any benign alternative explanation as to what the numbers were, if not PayPal account numbers.

Finally, Hale argues that the phone number dialed during the call was not on his, or Russell's, approved phone list. ECF 1, at 2; ECF 6-4. While Hale claims that the phone number was not on either phone list, this is in conflict with Officer Burke's account in the conduct report. Notably, it was the sole province of the DHO to weigh the credibility of competing stories. *Hill*, 472 U.S. at 455-56. The DHO's determination that the phone number was on both phone lists was not unreasonable or arbitrary in light of the fact that Officer Burke confirmed as much in the conduct report. In light of the evidence against him, there was "some evidence" that Hale obtained information that could be used to make an unauthorized financial transaction in violation of IDOC B-220, and therefore he is not entitled to habeas corpus relief.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

**SO ORDERED**.

ENTERED: August 23, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court